# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC, | : | Bankruptcy Case No. 20-10343 (LSS) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| KRAUSE & KINSMAN, WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, JAMES HARRIS LAW, PLLC, ANDREOZZI & FOOTE, P.C., BABIN LAW, LLC, DAVIS BETHUNE & JONES, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-1778-RGA |
| | : | Bankr. BAP No. 21-86 |
| CENTURY INDEMNITY CO., and VERUS, LLC, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **27th** day of **January, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Appellants do not believe that mediation would be helpful in resolving this Appeal because issues concern the application of the attorney-client privilege and work product doctrine to certain documents and data.  Appellants' appeal to obtain, not only relief, but guidance and clarification from this Court through a written opinion regarding these significant issues.  Appellee Verus, LLC takes no position regarding mediation. Appellee Century Indemnity Company has not provided its position despite requests since January 3, 2022 until the date of the written submission to this judge on January 25, 2022.  Century settled its liability in the Bankruptcy Court, which remains subject to that court's approval and has agreed to stand down.  The remaining insurers join in Appellants' position that mediation would not be helpful in resolving this appeal.  The parties have not previously been involved in any ADR process regarding the discrete subject matters of this appeal.

The parties propose the following expedited briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | February 5, 2022 |
| Appellees' Response Brief | February 15, 2022 |
| Appellants' Reply Brief, is necessary | February 18, 2022 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory

referral for mediation and proceed through the appellate process of this Court.  No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F̲ED̲. R. C̲IV̲. P. 72(a) and D. D̲EL̲. LR 72.1, since it is consistent with the parties' request.

    Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge