# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Bankruptcy Case No. 20-10343 (LSS) (Jointly Administered) |
| Debtors. | |
| KRAUSE & KINSMAN, WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, JAMES HARRIS LAW, PLLC, ANDREOZZI & FOOTE, P.C., BABIN LAW, LLC, DAVIS BETHUNE & JONES, | Civil Action No. 21-cv-1778 (LGA) |
| Appellants, | |
| v. | |
| CENTURY INDEMNITY CO., and VERUS, LLC | |
| Appellees. | |

## MOTION OF CERTAIN INSURERS TO INTERVENE OR PARTICIPATE AS AMICI, AND TO DESIGNATE ADDITIONAL DOCUMENTS IN THE RECORD

The "Certain Insurers,"[1] by and through undersigned counsel, hereby move to intervene to respond to the opening brief submitted by Appellants on February 4,

---

[1] The Certain Insurers include National Union Fire Insurance Company of Pittsburgh, PA; Lexington Insurance Company; Landmark Insurance Company; The Insurance Company of the State of Pennsylvania; Allianz Global Risks US Insurance Company; Arrowood Indemnity Company; Great American Assurance Company; Great American E&S Insurance Company f/k/a Agricultural Excess and Surplus Insurance Company; Great American E&S Insurance Company; Indian Harbor

2021 or, in the alternative, to participate in the appeal as amici curiae, by filing the attached response brief, which is Exhibit A to this motion. The Certain Insurers additionally seek to designate two additional documents in the appellate record. In support of the motion, the Certain Insurers respectfully state as follows:

## BACKGROUND

1. This appeal arises out of Chapter 11 bankruptcy proceedings involving the Boy Scouts of America. On September 10, 2021, Century Indemnity Co. ("Century") served a subpoena on Verus, LLC, a claim aggregator that facilitated the preparation and filing of proofs of claim in the underlying Chapter 11 bankruptcy proceedings. *See* D.I. 6211, 6211-14.[2]

2. On October 8, 2021, various insurers ("Zurich") served a materially identical subpoena on Verus. *See* D.I. 6574. Other insurers (the Certain Insurers) signed the Zurich subpoena, which directed Verus to produce documents to the Certain Insurers. *Id.*

3. After the six law firms who are appellants (the "Law Firms") asserted privileges over the subpoenaed documents, Verus lodged objections, *see* D.I. 6814-1, and Century and Zurich moved to compel compliance, *see* D.I. 6813, 7157.

---

Insurance Company; and Old Republic Insurance Company. Corporate disclosures are in the brief at Exhibit A.

[2] Citations to "D.I." refer to documents on the bankruptcy court docket. Citations to "Dkt." refer to the appellate docket. There is no appellate appendix.

4. The bankruptcy court scheduled a hearing for December 6, 2021. Days before that hearing, Verus withdrew its opposition to the motions to compel and notified the Law Firms that it would comply with the subpoenas. *See* D.I. 7551.

5. At the December 6, 2021 hearing, the bankruptcy court issued an oral ruling granting the motions to compel. *See* Dkt. 1-1. The court subsequently issued a written order on December 13, 2021. *See* Dkt. 4, 5; *see also* Ex. B.

6. The Law Firms filed a notice of appeal on December 21, 2021, and an amended notice of appeal on December 27, 2021. *See* Dkt. 1, 4. The Law Firms listed Century and Verus as Appellees but did not list Zurich or the Certain Insurers as Appellees. Neither Zurich nor the Certain Insurers are Appellees on the docket.

7. In the meantime, in December 2021, Century and Zurich entered into settlements in the underlying bankruptcy proceedings, subject to the bankrutpcy court's approval. *See, e.g.*, D.I. 7745, 7928. As a result, Century and Zurich (like Verus) are no longer providing legal positions relevant to this appeal. *See* Dkt. 10. The only insurers left to pursue the motions to compel, seek compliance with the subpoenas, and seek affirmance in this appeal, are the Certain Insurers.

8. On January 4, 2022, the Court issued an order directing the "parties" to advise in a joint written submission their respective positions regarding mediation. *See* Dkt. 8. Although the Certain Insurers were not technically Appellees, they engaged in substantive discussions with counsel for the Law Firms about whether

the appeal would move forward and whether it should be mediated.  Following those discussions, a joint written statement dated January 25, 2022 was submitted in which the "parties" (*e.g.*, the Law Firms and Certain Insurers) indicated that they did not believe mediation would be fruitful and jointly proposed an expedited briefing schedule.  That schedule was so-ordered on January 28, 2022.  *See* Dkt. 10.

9.  The Law Firms filed an opening brief on February 4, 2022.  *See* Dkt. 12.  A response is due February 15, 2022, the date this motion and brief were filed.

## ARGUMENT

10.  Pursuant to Federal Rule of Bankruptcy Procedure 8013(g), a party may move to intervene in an appeal.  Each of the Certain Insurers has an interest in continued enforcement of the bankruptcy court's order granting the motions to compel because they signed and are entitled to productions of documents in accordance with the Zurich subpoena.  Indeed, they are the *only* entities left in the bankruptcy proceeding that are parties with a direct interest in the subpoenas.

11.  The Certain Insurers did not seek to intervene in the bankruptcy court.  After the bankruptcy court issued its ruling granting the motions to compel, however, both Century and Zurich entered into settlement agreements pending approval of the bankruptcy court in December 2021.  Because Century and Zurich are no longer pursuing compliance with their subpoenas on appeal, the Certain Insurers now seek intervention in this proceeding.

12. Although the Certain Insurers sought intervention more than thirty days after the appeal was docketed, the Certain Insurers moved promptly after discussions regarding mediation ended with the Law Firms, and there has been no prejudice. The Certain Insurers seek intervention to submit the attached Response Brief (*see* Ex. A), and the Certain Insurers have moved by the applicable briefing deadline. *See* Dkt. 10.  Moreover, the Law Firms and Certain Insurers have consistently understood that the Certain Insurers have a concrete interest in and have always anticipated participating in the appeal.  Thirty days from docketing of the appeal fell during the above-mentioned joint discussions between the Law Firms and Certain Insurers about mediation or other potentially amicable resolutions to the appeal.  The Certain Insurers presumed the Law Firms were acting in good faith in treating them as "parties" if an appeal were to move forward during that time.  Indeed, the Law Firms were aware that neither Century nor Verus was likely to submit a substantive response brief when the "parties" agreed to a briefing schedule with a response brief deadline of February 15 for the Certain Insurers.

13. Participating as amicus curiae in this appeal would not be adequate. Neither of the Appellees are actively participating or defending the bankruptcy court's ruling.  There is accordingly no party with any incentive to advocate for affirmance.  Moreover, the Certain Insurers as amici may lack a clear ability to pursue motion practice or further appeal from an adverse ruling.

14. In the alternative, the Certain Insurers respectfully request that they be permitted to participate as amici in the appeal, through the filing of the attached response brief at Exhibit A. As discussed above, each of the Certain Insurers has a concrete interest in supporting the Appellees Century and Verus and securing affirmance of the bankruptcy court's order. There is no just reason to oppose participation as amici, and such participation through the attached brief by the response deadline requested by the Law Firms would not prejudice the Law Firms in any way.

15. Finally, the Certain Insurers move this Court for entry of an order pursuant to Bankruptcy Rules 8009(f) and 8013 designating as part of the record and accepting under seal two documents that were filed in redacted form and placed under seal in the underlying bankruptcy case. *See* D.I. 7568, 7569. On January 7, 2022, the Law Firms filed designations of record that did not include those documents. But the documents were submitted in connection with the motions at issue, were discussed at the underlying hearing (*see, e.g.*, Dkt. 1-1 at 31:10-33:1, 43:25-44:6, 45:16-18), are quoted in the Law Firms' appellate brief (*see* Dkt. 12 at 3, 12), and are relevant to the issues discussed in the Certain Insurers' proposed response brief. The Certain Insurers therefore move that they be designated for this Court's consideration.

**WHEREFORE**, the Certain Insurers respectfully request that the Court grant this motion to intervene or, in the alternative, participate as amici on appeal; to designate the documents at D.I. 7568 and 7569 as part of the record; and to grant the Insurers such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          February 15, 2022

                                          Respectfully Submitted,

                                          /s/ *Deirdre M. Richards*

| | |
|---|---|
| Michael A. Rosenthal | Deirdre M. Richards |
| (*pro hac vice* forthcoming) | (DE Bar No. 4191) |
| James Hallowell | FINEMAN KREKSTEIN & HARRIS PC |
| (*pro hac vice* forthcoming) | 1300 N. King Street |
| Keith R. Martorana | Wilmington, DE 19801 |
| (*pro hac vice* forthcoming) | Telephone: (302) 538-8331 |
| GIBSON, DUNN & CRUTCHER LLP | Facsimile: (302) 394-9228 |
| 200 Park Avenue | Email: |
| New York, New York 10166 | drichards@finemanlawfirm.com |
| Telephone: (212) 351-4000 | |
| Facsimile: (212) 351-4035 | -and- |
| Email: mrosenthal@gibsondunn.com | |
| jhallowell@gibsondunn.com | Susan N.K. Gummow |
| kmartorana@gibsondunn.com | (*pro hac vice* forthcoming) |
| | FORAN GLENNON PALANDECH PONZI & RUDLOFF P.C. |
| -and- | 222 N. LaSalle St., Suite 1400 |
| | Chicago, Illinois 60601 |
| Matthew G. Bouslog | Telephone: (312) 863-5000 |
| (*pro hac vice* forthcoming) | Facsimile: (312) 863-5009 |
| GIBSON, DUNN & CRUTCHER LLP | Email: sgummow@fgppr.com |
| 3161 Michelson Drive | |
| Irvine, California 92612 | |
| Telephone: (949) 451-3800 | |
| Facsimile: (949) 451-4220 | |
| Email: mbouslog@gibsondunn.com | |

*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, Landmark Insurance Company, and The Insurance Company of the State of Pennsylvania*

| | |
|---|---|
| */s/ Michael J. Joyce* | */s/ David M. Fournier* |
| Michael J. Joyce, Esquire (No. 4563) | David M. Fournier (No. 2812) |
| JOYCE, LLC | Marcy J. McLaughlin Smith |
| 1225 King Street, Suite 800 | (DE No. 6184) |
| Wilmington, DE 19801 | TROUTMAN PEPPER HAMILTON |
| (302)-388-1944 | SANDERS LLP |
| Email: mjoyce@mjlawoffices.com | Hercules Plaza |
| | 1313 Market Street, Suite 5100 |
| -and- | P.O. Box 1709 |
| | Wilmington, DE 19899-1709 |
| Kevin Coughlin, Esquire | Telephone: 302.777.6500 |
| (*pro hac vice* forthcoming) | Facsimile: 302.421.8390 |
| Lorraine Armenti, Esquire | Email:David.Fournier@Troutman.com |
| (*pro hac vice* forthcoming) | |
| Michael Hrinewski, Esquire | -and- |
| (*pro hac vice* forthcoming) | |
| COUGHLIN MIDLIGE & | PARKER, HUDSON, RAINER & |
| GARLAND, LLP | DOBBS LLP |
| 350 Mount Kemble Ave. | Harris B. Winsberg |
| PO Box 1917 Morristown, NJ 07962 | (*pro hac vice* forthcoming) |
| 973-267-0058 (Telephone) | 303 Peachtree Street NE, Suite 3600 |
| 973-267-6442 (Facsimile) | Atlanta, GA 30308 |
| kcoughlin@cmg.law | Telephone: 404.420.4313 |
| larmenti@cmg.law | Facsimile: 404.522.8409 |
| mhrinewski@cmg.law | Email:  hswinsberg@phrd.com |
| | |
| -and- | *Counsel for Allianz Global Risks US Insurance Company* |
| | |
| Britton C. Lewis, Esquire | |
| (*pro hac vice* forthcoming) | |
| CARRUTHERS & ROTH, P.A. | |
| 235 N. Edgeworth St. | |
| P.O. Box 540 | |
| Greensboro, NC 27401 | |
| (336) 478-1146 (Telephone) | |
| (336) 478-1145 (Facsimile) | |
| bcl@crlaw.com | |
| | |
| *Counsel for Arrowood Indemnity Company* | |

{01815373;v1}　　　　　　　　　　　9

| | |
|---|---|
| */s/ David M. Fournier* | */s/ Bruce W. McCullough* |
| David M. Fournier (No. 2812) | Bruce W. McCullough (No. 3112) |
| Marcy J. McLaughlin Smith (DE No. 6184) | BODELL BOVÉ, LLC |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | 1225 N. King Street, Suite 1000 |
| Hercules Plaza | Wilmington, Delaware 19801-3250 |
| 1313 Market Street, Suite 5100 | Telephone: (302) 655-6749 |
| P.O. Box 1709 | Fax: (302) 655-6827 |
| Wilmington, Delaware 19899-1709 | Email:bmccullough@bodellbove.com |
| Phone: (302) 777-6500 | |
| Email:David.Fournier@Troutman.com | *Counsel for Great American Assurance Company f/k/a Agricultural Insurance Company, Great American E&S Insurance f/k/a Agricultural Excess and Surplus Insurance Company, and Great American E&S Insurance Company* |
| -and- | |
| PARKER, HUDSON, RAINER & DOBBS LLP | |
| Harris B. Winsberg | |
| (*pro hac vice* forthcoming) | |
| 303 Peachtree Street NE | |
| Suite 3600 | |
| Atlanta, GA 30308 | |
| Telephone: 404.420.4313 | |
| Facsimile: 404.522.8409 | |
| Email: hswinsberg@phrd.com | |
| *Attorneys for National Surety Corporation and Interstate Fire & Casualty Company* | |

{01815373;v1}                                   10

| | |
|---|---|
| */s/ Kathleen M. Miller* | */s/ Stephen M. Miller* |
| Kathleen M. Miller (No. 2898) | Stephen M. Miller (No. 2610) |
| SMITH, KATZENSTEIN & JENKINS LLP | Carl N. Kunz, III (No. 3201) |
| 1000 West Street, Suite 1501 | MORRIS JAMES LLP |
| P.O. Box 410 | 500 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| [Courier 19801] | Telephone: (302) 888-6800 |
| Telephone: (302) 652-8400 | Facsimile: (302) 571-1750 |
| Facsimile: (302) 652-8405 | Email: smiller@morrisjames.com |
| Email: kmiller@skjlaw.com | ckunz@morrisjames.com |
| | |
| Lloyd A. Gura | -and- |
| (*pro hac vice* forthcoming) | |
| Pamela J. Minetto | Adam A. Hachikian |
| (*pro hac vice* forthcoming) | (*pro hac vice* forthcoming) |
| Mound Cotton Wollan | FOX SWIBEL LEVIN |
| & Greengrass LLP | & CARROLL LLP |
| One New York Plaza 44th Floor | 200 W. Madison Street, Suite 3000 |
| New York, NY 10004 | Chicago, Illinois 60606 |
| Tel: (212) 804-4282 | Telephone: (312) 224-1200 |
| Email: lgura@moundcotton.com | Facsimile: (312) 224-1201 |
| pminetto@moundcotton.com | ahachikian@foxswibel.com |
| | |
| *Counsel for Indian Harbor Insurance Company, on behalf of itself and as successor in interest to Catlin Specialty Insurance Company* | *Counsel for Old Republic Insurance Company* |

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f).  A proportionally spaced typeface was used, as follows:

    Name of typeface:  Times New Roman
    Point size:  14
    Line spacing:  Double

The total number of words in the motion, excluding the items set forth in Federal Rule of Bankruptcy Procedure 8015(g), is 1,323.